**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 22-cv-6128 |
| v. | ) | |
| | ) | Judge April M. Perry |
| Grove Excavating, LLC, and Grove | ) | |
| Excavating, LLC, a single integrated | ) | Magistrate Judge Daniel P. McLaughlin |
| enterprise, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MOTION FOR ENTRY OF JUDGMENT</u>**

Plaintiffs Midwest Operating Engineers Welfare Trust Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Local 150 IUOE Vacation Savings Plan, Midwest Operating Engineers Retirement Enhancement Fund, (collectively, "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), (collectively, "Plaintiffs") move for entry of judgment against Defendants Grove Excavation, LLC ("Excavation"), and Grove Excavating, LLC ("Excavating"), a single integrated enterprise (collectively, "Defendants"), for unpaid contributions owed, interest, liquidated damages, costs, and attorneys' fees under Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.

On November 12, 2025, this Court entered its Opinion and Order (Doc. #102), granting in part and denying in part Plaintiffs' Motion for Summary Judgment (Doc. #89). The Court granted summary judgment on the issues of liability and attorneys' fees and costs. With regard to damages,

the Court determined that while Plaintiffs' accounting of damages was sound and appropriate given Defendants' inadequate recordkeeping, summary judgment was inappropriate because there were a few genuine issues of material fact; specifically, Plaintiffs' inclusion of one particular individual, Andrew Kent, and four distinct months—March 2019 as well as January, February, and March 2023—in the estimate. In the interest of judicial economy, and in lieu of pursuing a renewed motion for summary judgment, Plaintiffs hereby request the Court enter judgment based on Plaintiffs' recent and updated accounting of damages that excludes Kent and these four months from the estimate, which Plaintiffs otherwise have undertaken pursuant to the same method the Court determined to be sound in its Opinion and Order. In support of this Motion, Plaintiffs state that:

1. On November 4, 2022, Plaintiffs filed suit against Grove Excavation to collect delinquent fringe benefit contributions owed to the Funds and CRF; to collect delinquent administrative dues owed to Local 150; and to conduct an audit pursuant to the parties' collective bargaining agreement (Doc. #1).

2. On January 1, 2024, in light of the revelation during a Court-ordered Fed. R. Civ. P. 30(b)(6) deposition of Grove Excavation's principal, Phil Grove (Docs. #25, 28), that Mr. Grove owned Grove Excavating, Plaintiffs filed an amended complaint naming the Defendants as Grove Excavation, LLC, and Grove Excavating, LLC, a single integrated enterprise (Doc. #46).

3. On May 23, 2025, Plaintiffs filed a Motion for Summary Judgment (Doc. #89) as well as the corresponding required submissions.

4. On July 11, 2025, Defendants filed a response memorandum (Doc. #97) and the corresponding required submissions opposing Plaintiffs' Motion for Summary Judgment.

5. On August 15, 2025, Plaintiffs filed a reply memorandum (Doc. #100) and the corresponding required submissions in support of Plaintiffs' Motion for Summary Judgment.

6. On November 12, 2025, this Court entered its Opinion and Order (Doc. #102), granting in part and denying in part Plaintiffs' Motion for Summary Judgment (Doc. #89). In determining that Grove Excavation and Grove Excavating were a single integrated enterprise, the Court held that there was no genuine dispute as to any material fact that Defendants are liable for unpaid contributions and thus found summary judgment in favor of Plaintiffs on the issue of liability (Doc. #102 at PageID #5885-5886). Furthermore, "given the Court's conclusion that Plaintiffs are entitled to summary judgment on the issue of liability, it finds all Plaintiffs will be entitled to costs and fees in an amount to be determined once this litigation has concluded" (Doc. #102 at PageID #5893). As of the date of this Motion, Plaintiffs have expended $282,875.00 in attorneys' fees and $13,027.86 in costs (Exhibit A, Certification of Emil P. Totonchi ("Totonchi Cert."), ¶ 7).

7. Regarding damages, the Court found no genuine dispute as to Defendants' failure to keep records sufficient to allow a determination of contributions owed (Doc. #102 at PageID #5887-5888). Due to Defendants' inadequate records, Plaintiffs estimated the contributions owed and sought summary judgment on their accounting of damages that was "apparently sound," according to the Court (Doc. #102 at PageID #5889). The Court determined that Defendants' own "estimate of hours worked and the concerns about continual work do not raise genuine issues of disputed fact or otherwise undermine the soundness of Plaintiffs' accounting" (Doc. #102 at PageID #5892).

8. The sole genuine issues of material fact the Court identified were Plaintiffs' inclusion of hours worked by Kent (Doc. #102 at PageID #5891-5892) and certain hours outside

3

of the regular April to December 2023 work season; specifically, March 2019 as well as January, February, and March 2023 (Doc. #102 at PageID #5891). Due to these specific issues of material fact only, the Court denied summary judgment on damages.

9. On December 17, 2025, the Court set a briefing schedule for a renewed motion for summary judgment to be filed by Plaintiffs (Doc. #106). Plaintiffs are to file the renewed motion by March 20, 2026, with Defendants' response due April 20, 2026, and Plaintiff's reply due May 8, 2026.

10. Through this instant Motion, Plaintiffs seek a judgment on an amount of damages that excludes the sole genuine issues of material fact the Court identified; i.e., the amount of damages that excludes Kent and any employee hours estimated during March 2019 or January, February, and March 2023.

11. Plaintiffs seek this judgment in the interest of judicial economy and to minimize any unnecessary time, effort, and resources of the Court, Plaintiffs, and Defendants that might be associated with a renewed summary judgment motion.

12. Prior to Plaintiffs' submission of their Motion for Summary Judgment, Plaintiffs' most recent estimate of damages was undertaken on May 6, 2024 (Exhibit B, Certification of Thomas M. Bernstein ("Bernstein Cert."), ¶ 4; Exhibit D; Plaintiffs' and Defendants' Joint Statement of Undisputed and Disputed Material Facts ("Joint Statement of Facts"), Doc. #91 at PageID #1133, ¶ 138; Plaintiffs' Appendix to its Rule 56.1 Statement in Support of its Motion for Summary Judgment ("Plaintiffs' Appendix"), Tab 13 at P - 3050-3057, Doc. #91-8 at PageID #4005-4012). As of May 6, 2024, Plaintiffs previously had estimated the amount of damages at $1,306,986.87, but the amount due subsequently continued to increase (*id.*).

13.     In support of this Motion, and to provide the Court a straightforward, like-for-like comparison to the damages they previously reported, Plaintiffs have recalculated the damages Defendants owed as of May 6, 2024, using the same method and sound accounting Plaintiffs used when estimating damages prior to their submission of their Motion for Summary Judgment, but excluding Kent and any employee hours associated with March 2019 or January, February, and March 2023 (Exhibit B, Bernstein Cert ¶ 7; Exhibit D).   These damages amounted to $1,119,773.74 as of May 6, 2024—a difference of $187,213.13 from the original estimate (Exhibit B, Bernstein Cert. ¶ 7; Exhibit D).

14.     Furthermore, Plaintiffs have calculated the amount Defendants owed as of February 20, 2026, using this same method and sound accounting, while excluding Kent and any employee hours associated with March 2019 or January, February, and March 2023 (Exhibit B, Bernstein Cert. ¶¶ 8-12; Exhibit E).  The amount due as of February 20, 2026, near in time to the filing of this Motion, amounted to $1,715,451.27 (Exhibit B, Bernstein Cert. ¶ 8; Exhibit E).  This amount includes $767,428.20 in total contributions, $152,461.24 in liquidated damages, $501,643.96 in interest, $282,875.00 in attorneys' fees, $13,027.86 in costs, a $6,370.40 credit resulting from contributions Excavation paid to the Funds and CRF, and $4,385.41 in administrative dues to be paid to Local 150 (Exhibit A, Totonchi Cert. ¶ 7; Exhibit B, Bernstein Cert. ¶¶ 8-12; Exhibit E).

15.     To provide sufficient time for the Court's consideration of this Motion and so Plaintiffs do not incur any potentially unnecessary costs associated with preparing and filing a renewed motion for summary judgment currently due March 20, 2026, while this Motion is pending, Plaintiffs request that the Court strike the renewed summary judgment briefing schedule

5

mentioned in Paragraph 9, *supra*. In the event the Court denies this Motion, Plaintiffs request that the Court set a new briefing schedule for a renewed summary judgment motion at that time.

WHEREFORE, the Plaintiff Funds, CRF, and Local 150 respectfully request that the Court enter judgment for unpaid contributions, liquidated damages, interest, attorneys' fees and costs, and administrative dues in the amounts set forth below:

| | |
|---|---|
| Unpaid contributions for hours worked: | $767,428.20 |
| Liquidated damages for unpaid contributions: | $152,461.24 |
| Interest on unpaid contributions based upon annual interest rate of 12 percent: | $501,643.96 |
| Attorneys' fees: | $282,875.00 |
| Attorneys' costs: | $13,027.86 |
| Credit for prior contributions: | ($6,370.40) |
| **Total due to the Funds and CRF:** | **$1,711,065.86** |
| Administrative Dues due to Local 150: | $4,385.41 |
| **Total damages:** | **$1,715,451.27** |

Dated: February 26, 2026

Respectfully submitted,

By: /s/ Emil P. Totonchi
One of the Attorneys for Plaintiffs

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph.: 708-579-6663
Fx.: 708-588-1647

Attorneys for the Funds and CRF:
Elizabeth A. LaRose *(elarose@local150.org)*
Charles R. Kiser *(ckiser@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph.: 708-579-6663
Fx.: 708-588-1647

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on February 26, 2026, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to the following:

Christopher S. Hennessy *(chennessy@cozen.com)*
Cozen O'Connor
123 North Wacker Drive
Suite 1800
Chicago, IL  60606

Dated: February 26, 2026

Respectfully submitted,

By:  /s/ Emil P. Totonchi
One of the Attorneys for Plaintiffs

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph.: 708-579-6663
Fx.: 708-588-1647

Attorneys for the Funds and CRF:
Elizabeth A. LaRose *(elarose@local150.org)*
Charles R. Kiser *(ckiser@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL  60525
Ph.: 708-579-6663
Fx.: 708-588-1647